(No. 43021.—)

Sherman-Reynolds, Inc., Appellant, *vs.* George E. Mahin, Director of Revenue, *et al.,* Appellees.

*Opinion filed December 4, 1970.*

GEORGE T. HADDAD and WILLIAM H. KELLY, JR., both of Chicago, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, (FRANCIS T. CROWE and CALVIN C. CAMPBELL, Assistant Attorneys General, of counsel,) for appellees.

Mr. JUSTICE CULBERTSON delivered the opinion of the court:

Purporting to act for itself and on behalf of a class consisting of all other nongovernmental employers who are required by article 7 of the Illinois Income Tax Act to withhold tax from compensation paid to their employees, (Ill. Rev. Stat. 1969, ch. 120, pars. 7—701 thru 7—707,) plaintiff, Sherman-Reynolds, Inc., brought this action in the circuit court of Cook County naming appropriate State officials as defendants. The complaint, as amended, alleged that compliance with the withholding provisions required each member of the class to advance out of their own property substantial sums for necessary equipment, supplies, personnel and professional advice and assistance, and prayed for an adjudication that each member of the class is entitled to reasonable compensation for the services rendered and the risks incurred in withholding tax, as well as a determination of what just compensation would be for each class member. In the alternative, it was prayed that article 7 be found unconstitutional as class legislation, and that defendants be enjoined from enforcing its provisions against any member of the class. This appeal is taken by plaintiff from a judgment order striking the amended complaint and dismissing the action.

Plaintiff's claim that employers have a constitutional right to compensation for their services and expenses incurred in withholding tax is bottomed on the guarantees of the State and Federal constitutions that no person shall be deprived of property without due process of law, (Ill.

Const., art. II, § 2; U.S. Const. amend. XIV,) and upon the similar provisions in each constitution which direct that private property shall not be taken for public use without just compensation. (Ill. Const., art. II, § 13; U.S. Const., amend. V.) And the broad sweep of its initial argument here is that these constitutional provisions are self-executing, making it incumbent upon the judiciary to ascertain and award just and reasonable compensation. Although the uncompensated withholding of tax by employers has been the practice in the Federal government for many years, the issue here presented, so far as we have been informed and can ascertain, appears to be one of first impression. *Kellems v. United States* (D.C. Conn. 1951), 97 F. Supp. 681, relied upon to some degree by defendants, is not helpful. Its only holding was that an employer's "belief" that the Federal Withholding Act (26 U.S.C.A., § 1621 *et seq.*,) was unconstitutional, did not relieve such employer from penalties assessed for failure to comply with the Act. The presumptive constitutional validity of the Act permitting withholding was not attacked in the manner that our own act is challenged in this case.

As a consequence plaintiff seeks to persuade us on the basis of principles and analogies diligently drawn from factually inapposite decisions applying the constitutional provisions upon which it seeks to rely. We see no useful purpose to be served by analyzing each decision cited, or in setting forth the various approaches of plaintiff in detail. For even if it be agreed that a "right" to compensation flows to plaintiff from the guarantees of due process of law, or from the constitutional commands relating to the taking of private property for public use, or both, such right is subordinate to the police power of the State employed here in support of the authority to tax and, in our view, any "loss" or "taking" of property occasioned by an employer's compliance with the withholding provisions of article 7 is *damnum absque injuria.*

Necessarily, we believe, the legislative authority to enact article 7 rests, not in its power to tax as intimated by defendants, but in the police power, the attribute of sovereignty in every government by which it may protect lives, health, morals and general welfare. (*People* v. *Rosehill Cemetery Co.,* 334 Ill. 555; *White County* v. *Louisville and Nashville Railroad Co.,.* 340 Ill. 42; *East New York Savings Bank* v. *Hahn,* 326 U.S. 230, 90 L. Ed. 34, 66 S. Ct. 69.) While the power is not without limitation and may not be exercised arbitrarily, the legislature has a broad discretion in the enactment of legislation in its exercise. (*Union Cemetery Ass'n* v. *Cooper,* 414 Ill. 23; *City of El Paso* v. *Simmons,* 379 U.S. 497, 13 L. Ed. 2d 446, 85 S. Ct. 577.) And, as one court has observed: "The police power relates not merely to the public health and to public physical safety, but also to public financial safety. Laws may be passed within the police power to protect the public from financial loss." (*Zeigler* v. *People,* 109 Colo. 252, 124 P.2d 593, 598.) It is settled, too, that the police power may be exercised to promote the economic welfare of the State, its communities and its citizens, (*e.g., Zelney* v. *Murphy,* 387 Ill. 492; *Vissering Mercantile Co.* v. *Annunzio,* 1 Ill.2d 108,) or to regulate practices in commercial or business affairs. (*Memorial Gardens Ass'n* v. *Smith,* 16 Ill.2d 116; *Gadlin* v. *Auditor of Public Accounts,* 414 Ill. 89; *Lincoln Federal Labor Union* v. *Northwestern Iron and Metal Co.,* 335 U.S. 525, 93 L. Ed. 212, 69 S. Ct. 251.) Concededly, the decisions cited have not involved or approached an exercise of the police power comparable to that encompassed in article 7 in the present case. But if, in the interest of general welfare, the police power may be exercised to protect citizens and their businesses in financial and economic matters, it may be exercised to protect the government itself against potential financial loss and the possible disruption of governmental functions. We consider the legislature

could appropriately invoke the power as a complement to the power to tax.

To be a valid exercise of the police power, the enactment of the legislature must bear a reasonable relation to the public interest sought to be protected, and the means adopted must be a reasonable method to accomplish such objective. (*DeGrazio* v. *Civil Service Com. of Chicago,* 31 Ill.2d 482; *Schuringa* v. *City of Chicago,* 30 Ill.2d 504.) We believe it obvious that article 7 meets these tests, when it is measured by a purpose of fostering the financial and economic stability of our State government and thus promotes the general welfare of all its citizens. We need not elaborate upon the vital services rendered to citizens and businesses by the State and other governmental entities who survive only by taxation, nor upon the need for tax revenues to permit such services to be forthcoming. It is common knowledge that the Illinois Income Tax Act was enacted to fulfill a desperate need for funds to insure the financial stability of the State and the continuance of its essential governmental functions, and, we believe, it reflects a purpose of the legislature to create a tax base by which the burden of the cost of government will be proportionately shared by a greater number of its citizens and businesses. And, most assuredly, if the taxes contemplated by the Act are not fully collected, the public need and the purposes of the tax will be thwarted. By the withholding provisions of article 7 the objects and purposes of the Act are promoted and more completely fulfilled. Chances for complete evasion of the tax are minimized,. delinquencies in collections are reduced, and the costs of enforcement when either occur are obviated. In addition, taxpayers are put on a current basis and tax monies become available to the government at intervals more consonant with its month-to-month needs, perhaps forestalling deficit spending or the need to raise money in anticipation of future tax income.

Regulations imposed by a State in the exercise of its police power, when reasonable and adapted to the scope and objects sought to be accomplished, are not rendered unconstitutional even though private property may be injured, interfered with, or damaged without the payment of compensation. The constitutional rights obtaining to private property are subordinate to the police power, (*Chicago, Burlington and Quincy Railroad Co.* v. *Commerce Com. ex rel. Brotherhood of Railroad Trainmen,* 364 Ill. 213; *Hannifin Corp.* v. *City of Berwyn,* 1 Ill.2d 28,) and if legislation is within the police power, then the rights of the individual which may be affected thereby must give way to the superior rights of the public, and he cannot complain that his property is taken without due process of law or without compensation first paid to him. *City of West Frankfort* v. *Fullop,* 6 Ill.2d 609; *Belmar Drive-in Theatre* v. *Illinois State Toll Highway Com.,* 34 Ill.2d 544; *Chicago, Burlington & Quincy Railway Co.* v. *Illinois ex rel. Grimwood,* 200 U.S. 561, 50 L. Ed. 596, 26 S. Ct. 341.

Aptly stating the rule, it is said in 16 Am. Jur. 2d, Constitutional Law, § 301 : "The fact that police laws and regulations prevent the enjoyment of certain individual rights in property without providing compensation therefor does not necessarily render them unconstitutional as violating the due process clause or as appropriating private property for public use without compensation. Such laws, when reasonable and adapted to the scope and objects covered by the police power, are not considered as appropriating private property for public use, but simply as regulating its use and enjoyment by the owner. If he suffers injury, it is either *damnum absque injuria,* or, in the theory of the law, he is compensated for it by sharing in the general benefits which the regulations are intended and calculated to secure." To the same effect it is stated in 16 C.J.S., Constitutional Law, § 209, p. 1058 : "The police power is an incident of title to private property, and it is no objection to its reasonable

exercise that private property is impaired in value or otherwise adversely affected. * * * [a]ny loss occasioned by the invasion of private property rights by the state in the legitimate exercise of the police power is damnum absque injuria, or, in the view of the law, the owner is compensated for his immediate loss by his participation in the general benefits which the state action is designed to secure." Pertinent also are the words of the court in *Hannifin Corp.* v. *City of Berwyn*, 1 Ill.2d 28, 35, where it was said: "This court has no right to question legislative policy and it is not a matter of a few individuals' gain or loss, for that cannot stand in the way of public welfare, the latter not being susceptible to being impeded or thwarted by a private loss which is incident to the exercise of the police power. (*Hadacheck* v. *Sebastian*, 239 U.S. 394.)"

Without more, and upon the basis of the foregoing principles, we conclude that plaintiff and the class it represents do not have an unqualified constitutional right to the compensation it seeks, and that any expense incurred by compliance with article 7 is more than compensated for by the benefits employers derive from the financial and economic well being of the State.

As a prelude to a further constitutional claim plaintiff next invites our attention to the circumstance that the legislature has, in other instances where tax is collected at its source by private persons, made provision for the reimbursement of those collecting the tax. Specifically, reference is made to: (1) sections 6 and 6a of the Motor Fuel Tax Act which, in substance, permit distributors and suppliers who are charged with collecting the fuel tax to deduct costs of collection, provided the sum deducted does not exceed 2% of the amount collected (Ill. Rev. Stat. 1969, ch. 120, pars. 422 and 422a); (2) section 9 of the Use Tax Act which, except as to motor vehicles and aircraft, gives retailers collecting the tax "a discount of 2% or $5 per calendar year, whichever is greater," (Ill. Rev. Stat. 1969, ch. 120, par.

439.9); and (3) section 2 of the Cigarette Tax Act (ch. 120, par. 453.2) and section 3 of the Cigarette Use Tax Act (ch. 120, par. 453.33) granting cigarette distributors discounts for collecting the taxes imposed by the respective acts. Because the Income Tax Act does not make similar provisions for employers who withhold tax, plaintiff contends that the Act is class legislation in violation of section 22 of article IV of the Illinois constitution and that the employers affected are denied equal protection of law contrary to the commands of the fourteenth amendment to the Federal constitution. Neither contention has merit.

"The test of equal protection of the laws is whether the legislation in question operates equally on all persons in the class to which it applies and not whether that class is treated the same as another class." (*People* v. *Warren*, 11 Ill.2d 420, 428; see also *Hansen* v. *Raleigh*, 391 Ill. 536, 544; *Smith* v. *Murphy*, 384 Ill. 34, 40; *Murphy* v. *Cuesta, Rey & Co.*, 381 Ill. 162, 165; *City of Chicago* v. *Rhine*, 363 Ill. 619, 625.) And comparably under our own constitution, it has long been settled that laws are not to be regarded as special or class legislation merely because they affect one class and not another, provided they affect all members of the same class alike. (*Keig Stevens Baking Co.* v. *City of Savanna*, 380 Ill. 303; *Kloss* v. *Suburban Cook County Tuberculosis Sanitarium Dist.*, 404 Ill. 87; *Gadlin* v. *Auditor of Public Accounts*, 414 Ill. 89.) The Illinois Income Tax Act meets these tests. Its withholding provisions apply to all employers alike, and its constitutionality is not affected by the circumstance that the legislature has elected to treat other classes, such as the distributors of gasoline and cigarettes, in a different manner. This court has no power to read a provision for compensation into article 7, (*Belfield* v. *Coop*, 8 Ill.2d 293,) and it is to the legislature that plaintiff and its class must look for the reimbursement they seek.

. The judgment of the ciruit court of Cook County is affirmed.

*Judgment affirmed.*