JAY WERNIKOFF, d/b/a JAY'S CAMPUS RESTAURANT, Petitioner-Appellee, *v.* EDGAR VANNEMAN, JR., Local Liquor Commissioner of the City of Evanston, Defendant-Appellant.

(No. 59790; ▮▮▮▮▮▮▮▮▮)

First District (2nd Division)—February 18, 1975.

Jack M. Siegel, of Evanston, for appellant.

Kreger and Karton, Ltd., of Chicago (Robert M. Karton and Tara K. Dowd, of counsel), for appellee.

Mr. PRESIDING JUSTICE DOWNING delivered the opinion of the court:

Jay Wernikoff (hereinafter petitioner) brought an action seeking a

writ of mandamus to compel Edgar Vanneman, Jr., the Mayor and Local Liquor Control Commissioner of the City of Evanston (hereinafter defendant), to issue to petitioner a class D liquor license. The trial court granted petitioner's motion for summary judgment and ordered a writ of mandamus directing the issuance of the liquor license to the petitioner. Defendant now prosecutes this appeal from that order.

The following chronology of events provides the factual setting for the issues raised in this appeal.

Prior to

February 19, 1973—Petitioner, the owner of Jay's Campus Restaurant located in Evanston, Illinois, filed an application for a class D liquor license accompanied by the requisite $1,000 license fee.

Defendant, acting in his capacity as local liquor control commissioner of Evanston, recommended [1] that the application be denied.

February 19, 1973—The Evanston City Council, pursuant to section 4—202(5) of its code, overruled defendant's decision by two-thirds vote of the council. A member of the council then in-

---

[1] On February 19, 1973, the Code of the City of Evanston contained the following provisions, so far as pertinent, as to the authority of the Local Liquor Control Commissioner:

"Sec. 4—201. License Required. It shall be unlawful to sell or offer for sale in the City any alcoholic liquor without having a liquor dealer's license, or in violation of the terms of such license.

Sec. 4—202. Local Liquor Control Commissioner. The Mayor of the City of Evanston shall be the Local Liquor Control Commissioner and shall be charged with the administration within the City of the appropriate provisions of this ordinance.

The Mayor, with the consent of the City Council, shall appoint a Liquor Control Review Board of three Evanston residents to investigate and review all applications, renewals and complaints, and to investigate the operation of all licensed establishments, conduct hearings, receive evidence and sworn testimony and make recommendations to the Commissioner. Members of the Board shall serve for a term of three years, except that the first members shall be appointed for terms of one, two and three years, respectively.

The Local Liquor Control Commissioner shall have the following powers, functions and duties with respect to licenses.

(1) to grant, suspend for not more than thirty days or revoke for cause all local licenses issued to persons for premises within his jurisdiction;

❋    ❋    ❋

(5) In the event that an application is rejected by the Local Liquor Control Commissioner, the Council may overrule him if a motion to do so is made within 30 days of the rejection. A two-thirds vote of the City Council is necessary to overrule the Commissioner. If the Commissioner is overruled, such action shall create an additional license of the class applied for, and the Commissioner shall issue such license to the applicant."

troduced proposed ordinance 15-0-73 which would amend the municipal code so as to add an additional class D license.[2]

March 5, 1973—The city council adopted proposed ordinance 15-0-73 thereby increasing the number of class D liquor licenses from two to three.

March 12, 1973—Defendant having vetoed ordinance 15-0-73 this action was sustained by a vote of the city council. The council further passed a motion to rescind its action of February 19, 1973, whereby it had overruled defendant's decision and authorized the issuance of a liquor license to petitioner.

March 26, 1973—Proposed ordinance 27-0-73 was introduced for the city council's consideration. Intended to amend section 4-202(5) of the municipal code, it prescribed a different procedure for the city council to follow in overruling the local liquor control commissioner's refusal of a license application.[3]

April 2, 1973—The city council adopted proposed ordinance 27-0-73.

April 9, 1973—The council adopted an ordinance which increased the number of class D licenses in force from two to three

---

[2] The minutes of the Evanston City Council meeting of February 19, 1973, on the matter read:

"*Docket 35-2C-73*: Consideration of a recommendation from the Administration and Public Works Committee that the City Council overrule the Liquor Control Commissioner and issue a Class D. liquor license to Jay's Campus Restaurant at 832 Foster Street. A two-thirds vote of the City Council (13 votes) is required to overrule the Liquor Control Commissioner. If this motion passes, ordinance 15-0-73, creating an additional Class D. license, should then be adopted.

Alderman Lange moved that the Council overrule the ruling of the Liquor Control Commissioner and authorize the issuance of a Class D. liquor license to Jay's Campus Restaurant at 832 Foster Street. Seconded by Alderman McCourt. * * * Motion carried.
* * *

Alderman Lange introduced proposed Ordinance 15-0-73 Amending Chapter 4 of the Code of the City of Evanston, 1957, as amended, Relating to Alcoholic Liquor Dealers. Marked introduced."

[3] Ordinance 27-0-73 to amend section 4—202(5) reads:

"In the event that an application is rejected by the Local Liquor Control Commissioner, the Council may overrule him within thirty (30) days of the rejection in the manner hereinafter set forth. An ordinance specifically providing that the order of the Commissioner be reversed and an additional license of the class applied for be created, shall be adopted by the vote of two-thirds of all the Aldermen then holding office. When such an ordinance is adopted, the Commissioner shall forthwith issue such license to the applicant. Such ordinance adopted by a two-thirds vote is not subject to the veto power of the Mayor of the City of Evanston."

and the additional license was subsequently issued to an applicant other than petitioner.

Based on the facts as presented in the pleadings and exhibits and as argued before the bench, the trial court found that, by the action on February 19, 1973, overruling defendant's rejection of petitioner's application, the city council created an additional class D license and imposed a clear legal duty upon the defendant herein to issue said license to petitioner. The court then granted petitioner's motion for summary judgment and ordered a writ of mandamus to issue directing the defendant to issue a class D liquor license to petitioner.

On appeal defendant suggests that (1) the motion for summary judgment was improperly granted and that (2) the writ of mandamus should not have been issued since (a) petitioner failed to demonstrate a clear, legal right to the relief requested and (b) at the time of the trial court's decision, no class D liquor licenses were available.

At the oral argument this court raised the question of whether the issue involving a 1973 liquor license was moot; and, whether section 4—202(5) of the Evanston city code was valid. The parties thereupon submitted supplemental memorandums on these questions.

## I.

The question of mootness was raised on the basis that the issue before the court concerned an Evanston liquor license to be issued in 1973. The Evanston city code provides that a liquor license is only for a 1-year period. Therefore, the writ of mandamus would now apply to an expired license. Nothing is in the record as to the 1974 license year.[4]

The writ of mandamus issued on November 13, 1973, says only "* * * you shall forthwith immediately after receipt of this writ issue a Class D Liquor License * * *." Although it is not clear from the record what date the license would have expired there can be no dispute that regardless of when computed the appropriate 1-year licensing period has now expired.

The issue which created the controversy here was caused by the wording of section 4—202(5) of the Evanston city code in effect on February 19, 1973, and the actions of the city council pursuant to said section. Notwithstanding the fact that the language of section 4—202(5) was amended by the Evanston City Council on April 2, 1973, the trial court based his decision on the code in effect on February 19, 1973. The peti-

---

[4] Petitioner's supplemental memorandum presented certain unverified statements with respect to the alleged acts of the petitioner relative to license years 1974 and 1975. In the form presented, we are not permitted to consider such allegations.

tion for writ of mandamus was filed in the trial court on May 23, 1973. Thus, in effect, we are asked to interpret the action of the Evanston City Council under a provision in the city code no longer in effect.

■■ In *People ex rel. Cairo Turf Club, Inc. v. Taylor* (1954), 2 Ill.2d 160, 116 N.E.2d 880, a case involving a writ of mandamus for an expired state retail liquor license, our supreme court held that when a reviewing court has notice of facts which show only moot questions, it will dismiss the appeal or writ of error unless there is a public interest for authoritative determination for the future guidance of public officials. See also 1 I.L.P. *Actions* § 19 (1953); 2 I.L.P. *Appeal and Error* § 586 (1953); *La Salle National Bank v. City of Chicago* (1954), 3 Ill.2d 375, 121 N.E.2d 486.

■■ We do not believe the facts in this case now present the need to resolve the question of the validity of section 4—202(5) in effect on February 19, 1973 (but since amended), or for an expired liquor license. Such a question is presently only an abstract question which a reviewing court should abstain from ruling on under these circumstances.

■■ As previously noted, section 4—202(5) in effect on February 19, 1973, and under which provision the Evanston City Council acted was amended by the city council on April 2, 1973. It is the rule in this state that ordinances of a municipality are presumed to be valid; see *S. Bloom Inc. v. Korshak* (1972), 52 Ill.2d 56, 284 N.E.2d 257; that the burden of establishing the invalidity of an ordinance rests upon the party challenging it; see *Oak Park National Bank v. Village of Broadview* (1963), 27 Ill.2d 151, 188 N.E.2d 679; that municipalities have the continuing authority to pass ordinances limiting the number of liquor licenses to be issued; and that no person has a vested right in a liquor license; see *Pence v. Village of Rantoul* (4th Dist. 1973), 12 Ill.App.3d 446, 298 N.E.2d 775.[5] In any respect, so far as we know, there is nothing that would prevent the petitioner from applying for a current liquor

---

[5] On the merits, petitioner's case depends upon three propositions: 1) Evanston's Ordinance Section 4—202(5) was an effective ordinance on February 19, 1973; 2) the action of the Evanston City Council on February 19, 1973, immediately and automatically created in petitioner a vested right to a class D liquor license, because the mandatory language of section 4—202(5) made the ordinance self-executing so that there was no need to implement section 4—202(5) by enacting proposed ordinance 15-0-73; 3) the action of the city council on March 12, 1973, rescinding its action of February 19, 1973, was not effective to divest petitioner of the right created in him on February 19, 1973.

Even assuming (but expressly *not* deciding) the correctness of propositions 1 and 2, proposition 3 is clearly incorrect. *Pence v. Village of Rantoul, supra*; *Malito v. Marcin* (1973), 14 Ill.App.3d 658, 303 N.E.2d 262, appeal dismissed (1974), 417 U.S. 963, —— L.Ed.2d ——, 94 S.Ct. 3165; and see *Moore v. McCarver* (Tex. Civ. App. 1951), 240 S.W. 2d 443, and 48 C.J.S. *Intoxicating Liquors* § 176 (1947).

license, if any be available, subject to the provisions of the Evanston city code in effect as of the date of his application.

Inasmuch as the licensing period for which the writ of mandamus was issued has now expired, there is nothing the defendant can now be required to do.

■■ However, as we do not wish to be understood as affirming the trial court, we, therefore, reverse and remand the cause to the circuit court of Cook County with directions to dismiss the complaint on the ground of mootness. *Maywood Park Trotting Association, Inc., v. Illinois Harness Racing Com.* (1959), 15 Ill.2d 559, 155 N.E.2d 626; *La Salle National Bank v. City of Chicago, supra.*

Reversed and remanded with directions.

STAMOS and HAYES, JJ., concur.