AMERICAN SHUFFLEBOARD AND MUSIC CORPORATION, Plaintiff-Appellee, *v.* THE CITY OF SPRINGFIELD, Defendant-Appellant.

Fourth District   No. 13312

Opinion filed August 5, 1976.

D. Bradley Blodgett, Corporation Counsel, of Springfield (Michael B. Metnick, Assistant Corporation Counsel, of counsel), for appellant.

Pefferle, Maddox & Gramlich, of Springfield (Paul E. Steinhour, of counsel), for appellee.

Mr. JUSTICE REARDON delivered the opinion of the court:

The defendant appeals from an order of the circuit court finding section 15.8.1 of the Springfield City Code unconstitutional and enjoining enforcement of the aforesaid provision.

The plaintiff is an Illinois corporation whose principal business is the operation of coin-operated amusement devices. Plaintiff currently operates these devices in several communities located in northern and central Illinois. On December 17, 1974, plaintiff filed an "Application for Operator's License" with the office of the city clerk of the city of Springfield. The application stated that plaintiff wished to obtain an operator's license in order to enable it to operate coin amusement devices at three separate locations in Springfield. Plaintiff's application was denied on the grounds that under the municipal ordinance regulating the issuance of operator's licenses no more than eleven licenses may be issued at one time; and at the time plaintiff filed its application all eleven licenses had been issued. Section 15.8.1 of the Springfield City Code stated:

"There shall be issued in the City of Springfield not more than eleven (11) operator's licenses and there shall be no limit, however, on the limited licenses; provided, however, that this restriction upon the number of licenses shall not limit the right to the renewal of any existing license, nor to the issuance of a license of a purchaser or an established business as a going concern, but as licenses are revoked and expire without renewal and for any other reason cease to exist, then the total number of operator's licenses

shall be reduced until the total of such class shall not exceed the number authorized by this section."

Plaintiff ultimately filed a complaint for declaratory judgment. The complaint alleged that section 15.8.1 of the Code of the city of Springfield, as amended, was arbitrary and capricious in limiting the number of operator's licenses to eleven, and that this number bore no reasonable relationship to the public health, welfare or morals. Also, plaintiff argued that the aforesaid section was unconstitutionally vague.

Defendant filed an answer and the matter was set for hearing.

At the hearing, no testimonial evidence was taken. However, the attorney for defendant read into the record a summary of what the testimony of Mr. Bud Hashman, a license holder, would be if he were called to testify. Mr. Hashman would have testified that the limited number of licenses available to operate pinball machines in the city of Springfield has a reasonable relationship to the public interest. The attorney for plaintiff stated that he "could so stipulate that that might be what he would testify." The attorney went on to note his objection as to the relevancy of the proposed testimony. The record reveals that no ruling was made on this objection.

Immediately thereafter the attorneys for the respective parties then proceeded to argue the question of the constitutionality of section 15.8.1.

The plaintiff argued that the limitation on the number of licenses to eleven was unreasonable, arbitrary and capricious. Plaintiff did concede that the defendant had the authority to regulate the number of licenses. Secondly, plaintiff argued that the mayor had absolute and unbridled discretion to decide whether or not to issue a license, and that this broad authority was unconstitutional. Next, plaintiff argued that the ordinance in question deprived it of a property right, *i.e.*, the right to carry on a legitimate business, and thus rendered the ordinance unconstitutional. Lastly, plaintiff contended that the ordinance created arbitrary and capricious classifications.

In response, defendant argued that the ordinance in question was a reasonable exercise of the police power in that there existed a real danger that coin-operated amusement devices could be used as a subterfuge for organized crime. The defendant elaborated that the amusement devices do not have metering mechanisms on them to record cash receipts; therefore funds from illegal sources could be cleansed and thus reported as legitimate income from the coin-operated amusement devices. The defendant urged that the ordinance in question was attempting to regulate the operation of coin-operated amusement devices in order to prevent the influx of criminal elements into the community, and that this certainly was a reasonable and realistic goal for a municipality.

Near the end of the arguments, the court asked the attorney for the

defendant why the number of eleven was used as a limitation on the issuance of licenses. In response to the court's inquiry, Mr. Hashman, who was apparently present at the hearing, stated that the licenses were originally limited to nine and that each time an application was made for a new license the city council would pass an ordinance increasing the number of licenses.

On March 25, 1975, the court entered a decree finding section 15.8.1 to be unconstitutional. In the decree the court made certain findings. The relevant findings are as follows:

"3. That the specific question in dispute is whether Section 15.8.1 of the City Code of Springfield, Revised, is unreasonable, discriminatory, confiscatory, invalid, and unconstitutional as applied to Plaintiff herein.

4. That Section 15.8.1 of the City Code of Springfield, Illinois, Revised, is arbitrary and capricious in limiting the number of Operator's Licenses for Coin-Operated Amusement Devices to eleven (11) in number, for the reason that said limitation bears no rational or reasonable relation to the public health, welfare, or morals.

5. That Section 15.8.1 of the City Code of Springfield, Illinois, Revised, as applied to Plaintiff herein, is arbitrary, capricious, discriminatory, and unconstitutionally vague."

The court ordered in part:

"1. That Section 15.8.1 of the City Code of Springfield, Illinois, Revised, as applied to Plaintiff herein, is arbitrary, capricious, discriminatory and unconstitutionally vague.* * * "

On appeal, defendant contends that the plaintiff failed to fulfill its burden of proof establishing the invalidity of the ordinance in question. The plaintiff's position on appeal is that the trial court was correct and that it had met its burden of proof.

As defendant notes in its brief, the city of Springfield derives its authority to enact section 15.8.1 from section 11—42—2 of the Illinois Municipal Code. This section states as follows:

"The corporate authorities of each municipality may license, tax, regulate, or prohibit pinball, or bowling alleys, billiard, bagatelle, pigeonhole, pool, or any other tables or implements kept for a similar purpose in any place of public resort." Ill. Rev. Stat. 1973, ch. 24, par. 11—42—2.

Section 11—42—2 of the Illinois Municipal Code extends to a municipality a State grant of police power to regulate and control those activities enumerated therein.

■■ It is axiomatic that a governmental unit may not arbitrarily interfere with private rights under the guise of protecting public interest; however, a valid exercise of the police power in furtherance of the public

health, welfare and morals supersedes private rights. *(Sherman-Reynolds, Inc. v. Mahin* (1970), 47 Ill. 2d 323, 265 N.E.2d 640.) A major limitation upon the exercise of police power is that the statute or ordinance must reasonably tend to correct some evil or promote some interest of the State, and not violate some positive mandate of the Constitution *(Metromedia, Inc. v. City of Des Plaines* (1975), 26 Ill. App. 3d 942, 326 N.E.2d 59).

■■ It is not unreasonable, *per se,* for a municipality in implementing legislation enabling it to regulate a certain activity by way of a license to put a numerical limitation on the issuance of licenses. *(Yellow Cab Company v. City of Chicago* (1947), 396 Ill. 388, 71 N.E.2d 652; *Strub v. Village of Deerfield* (1960), 19 Ill. 2d 401, 167 N.E.2d 178.) Moreover, a municipal ordinance is presumed to be valid and the burden of establishing invalidity rests upon the party challenging it. *Wernikoff v. Vanneman* (1975), 26 Ill. App. 3d 715, 325 N.E.2d 364.

In the course of these proceedings plaintiff has conceded that defendant can properly regulate the activities in question; and defendant has specifically relied upon section 11—42—2 of the Municipal Code for statutory authority to regulate the activities in question. We also believe the area of activities that the defendant seeks to regulate does bear a substantial relationship to the public welfare and safety. From a close reading of the ordinance in question we do not believe that the ordinance is, *per se,* unconstitutional. Therefore, the only question then, is whether the plaintiff met its burden of challenging the presumptive validity of the ordinance. We find that it did not.

The findings and rulings of the trial court will only be reversed when they are against the manifest weight of the evidence. However, in this case, we have searched the record for competent and credible evidence to support the findings of the trial court and have found none.

■■ The record is totally barren of any evidence presented by plaintiff which could conceivably support the court's findings that the numerical limitation of eleven bears no rational relationship to the public welfare or morals. Furthermore, plaintiff presented no evidence which tended to show that defendant's exercise of police power was arbitrary, capricious and discriminatory; nor was any evidence proferred to substantiate the trial court's findings that the ordinance was unconstitutionally vague.

■■ The record primarily consists of arguments of counsel and colloquy between court and counsel. While we find this information enlightening, it is not evidence. For example, we note that in regard to the question of numerical limitations, other than the colloquy between Mr. Hashman and the trial court the record contains no evidence concerning this issue. Likewise, the same situation exists in regard to the issues of arbitrariness, capriciousness and vagueness. We concur with defendant's

assertion that the plaintiff failed to sustain its burden of attacking the presumptive validity of this ordinance.

Based upon the record herein, the trial court erred when it declared section 15.8.1 unconstitutional. The judgment of the trial court is vacated and the cause is hereby reversed.

Reversed.

CRAVEN, P. J., and GREEN, J., concur.