(Nos. 63402, 63403, 63404, 63405 cons.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. JOHN RYAN, Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. DON RICO REESE, Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. PETER LEE, Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. JUAN DeJESUS, Appellee.

*Opinion filed June 10, 1987.*

GOLDENHERSH, J., took no part.

Neil F. Hartigan, Attorney General, of Springfield (Roma J. Stewart, Solicitor General, and Mark L. Rotert and Gary H. Schwartz, Assistant Attorneys General, of Chicago, of counsel), for the People.

Daniel M. Kirwan, Deputy Defender, and Michelle A. Zalisko, Assistant Defender, of the Office of the State Appellate Defender, of Mount Vernon, for appellees.

JUSTICE MILLER delivered the opinion of the court:

Each of the four defendants in these consolidated cases—John Ryan, Don Rico Reese, Peter Lee, and Juan DeJesus—was charged in the circuit court of Randolph County with unlawful possession of a weapon by a felon, a violation of section 24—1.1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 24—1.1). The trial judge dismissed the charges on two separate grounds, ruling that section 24—1.1 was unconstitutional and that

the charging instruments failed to allege an offense. Because the statute was found to be unconstitutional, the cases are here on direct appeal. See 87 Ill. 2d R. 603.

All four defendants were inmates of Menard Correctional Center when they allegedly committed their offenses. Defendants Ryan, Lee, and DeJesus were each charged with possession of a homemade weapon fashioned from a metal rod and sharpened into what was described as a dagger, dirk, or pick; defendant Reese was charged with possession of two homemade knives, each about seven inches long and made from pieces of Plexiglas. According to investigation reports that appear in the records in these cases, the weapons were found in the defendants' cells at Menard in the course of searches conducted by prison authorities during December 1985 and January 1986.

The defendants moved to dismiss the charges, contending that section 24—1.1 was unconstitutional on a number of grounds. Later, the defendants moved to dismiss the charges on the separate ground that the informations filed against them failed to allege an offense. Following a hearing, the circuit judge granted the defendants' motions and dismissed the charges for the reasons urged by them.

Section 24—1.1 of the Criminal Code of 1961 provides:

"(a) It is unlawful for a person to knowingly possess on or about his person or on his land or in his own abode or fixed place of business any weapon prohibited under Section 24—1 of this Act or any firearm or any firearm ammunition if the person has been convicted of a felony under the laws of this State or any other jurisdiction. ***

(b) Sentence. Violation of this Section by a person not confined in a penal institution shall be a Class 3 felony. Any person who violates this Section while confined in a penal institution as defined in Section 2—14 of this Code is guilty of a Class 1 felony, if he possesses any

weapon prohibited under Section 24—1 of this Code regardless of the intent with which he possesses it, and a Class X felony if he possesses any firearm, firearm ammunition or explosive." Ill. Rev. Stat. 1985, ch. 38, par. 24—1.1.

Section 24—1, the unlawful use of weapons statute, prohibits certain weapons outright (Ill. Rev. Stat. 1985, ch. 38, pars. 24—1(a)(1), (a)(5), (a)(6), (a)(7), (a)(11)), prohibits other weapons only in certain situations (Ill. Rev. Stat. 1985, ch. 38, pars. 24—1(a)(3), (a)(4), (a)(8), (a)(9), (a)(10), (a)(12)), and, in subsection (a)(2), prohibits still other items only when carried or possessed "with intent to use the same unlawfully against another" (Ill. Rev. Stat. 1985, ch. 38, par. 24—1(a)(2)). Included in that last group are "a dagger, dirk, billy, dangerous knife, razor, stiletto, broken bottle or other piece of glass, stun gun or taser or any other dangerous or deadly weapon or instrument of like character," and the weapons allegedly possessed by the defendants here would fall within that list.

Thus, the offense of unlawful use of weapons requires an unlawful intent when the charge is based on a weapon contained in section 24—1(a)(2). (*People v. Fink* (1982), 91 Ill. 2d 237.) The appellate court has held that the same unlawful-intent requirement is incorporated in offenses charged under section 24—1.1, unlawful use of weapons by a felon, when the felon is not confined in prison and the weapon involved is one contained in section 24—1(a)(2) (*People v. Crawford* (1986), 145 Ill. App. 3d 318); to hold otherwise would mean that a felon who is not in confinement would be in violation of section 24—1.1 for the innocent possession of common household objects such as razors or broken bottles. But section 24—1.1(b) eliminates any unlawful-intent requirement with respect to a felon who is confined in prison at the time of the offense, and the apparent purpose of the statute

is to prohibit even the innocent possession of items that are likely to be hazardous in the penal setting.

The circuit court's order invalidating section 24—1.1 said, in general terms, that the statute was vague and overbroad, that it denied the defendants due process, and that it denied equal protection. In this court, however, the defendants would sustain the trial judge's decision only on the ground that the statute violates due process because it is vague. Accordingly, we do not consider here the additional constitutional grounds relied on by the circuit judge. We note, however, that the overbreadth doctrine, which permits a party to attack a penal statute that trenches on first amendment freedoms though he would not otherwise have standing to make the challenge (*New York v. Ferber* (1982), 458 U.S. 747, 73 L. Ed. 2d 1113, 102 S. Ct. 3348; *People v. Holder* (1983), 96 Ill. 2d 444, 449), is inapplicable here; the provision in question does not implicate any rights of speech or association or any other form of activity protected by the first amendment. "[O]utside the limited First Amendment context, a criminal statute may not be attacked as overbroad" (*Schall v. Martin* (1984), 467 U.S. 253, 268 n.18, 81 L. Ed. 2d 207, 220 n.18, 104 S. Ct. 2403, 2412 n.18), and defense counsel appropriately does not make that challenge here.

The defendants contend that section 24—1.1 is unconstitutionally vague on its face. They believe that the provision suffers from the two principal defects of vague penal legislation: it fails to provide adequate notice of what conduct is prohibited and, more important, it fails to provide meaningful guidance to authorities called upon to enforce its provisions. See *Kolender v. Lawson* (1983), 461 U.S. 352, 357-58, 75 L. Ed. 2d 903, 909, 103 S. Ct. 1855, 1858, *Smith v. Goguen* (1974), 415 U.S. 566, 574, 39 L. Ed. 2d 605, 613, 94 S. Ct. 1242, 1248; *People v. Greene* (1983), 96 Ill. 2d 334, 339.

"[A] statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law." (*Connally v. General Construction Co.* (1926), 269 U.S. 385, 391, 70 L. Ed. 322, 328, 46 S. Ct. 126, 127.) The defendants would find uncertainty in applying to the institutional setting the concepts of abode, land, and place of business, which are used in section 24—1.1(a), which delimits possession with respect to felons who are not in prison. Moreover, the defendants question whether prison confinement includes a prisoner who is being transported on a bus from one penal institution to another, or a prisoner who is ill and is being treated not in the prison infirmary but rather in a private hospital outside the prison walls.

The issues raised by those questions are far different from the circumstances present in any of the four prosecutions here, however. "[V]agueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand" (*United States v. Mazurie* (1975), 419 U.S. 544, 550, 42 L. Ed. 2d 706, 713, 95 S. Ct. 710, 714), and therefore "[o]ne to whose conduct a statute clearly applies may not successfully challenge it for vagueness" (*Parker v. Levy* (1974), 417 U.S. 733, 756, 41 L. Ed. 2d 439, 458, 94 S. Ct. 2547, 2562). In each case here, the dangerous weapon was found in the defendant's cell, a place clearly within the intended reach of the statute.

As further support for their vagueness argument, the defendants contend that the statute does not provide an exemption for otherwise blameless activity. (*Cf.* Ill. Rev. Stat. 1985, ch. 38, par. 24—2 (listing exemptions to offense of unlawful use of weapons).) They believe that prisoners, in their work or recreation, might innocently handle items that could fall within the literal proscription

of section 24—1.1. For example, the defendants would hold that an inmate wielding a knife in the prison kitchen or hefting a bat on a baseball diamond is technically in violation of the statute. The defendants argue that these unintended results illustrate the potential sweep of the statute and the difficulty in determining whether an imprisoned felon's possession of an item, on a particular occasion, is prohibited.

The State responds that an item would not be considered a weapon under sections 24—1 and 24—1.1 if an inmate's possession of it were authorized by prison officials, as in the defendants' examples. We need not determine the validity of this construction, however, for we believe that the conduct of the defendants here falls within the scope of the statute. As we have said, investigation reports included in the records in these cases show that the weapons were found in the defendants' cells. Moreover, two of the defendants acknowledged that they had made the weapons for their own protection. "A [defendant] who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." (*Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.* (1982), 455 U.S. 489, 495, 71 L. Ed. 2d 362, 369, 102 S. Ct. 1186, 1191.) The defendants have failed to show that the statute is vague as applied to them, and accordingly their argument that the statute is facially vague must fail. *United States v. National Dairy Products Corp.* (1963), 372 U.S. 29, 32-33, 9 L. Ed. 2d 561, 565-66, 83 S. Ct. 594, 598; *People v. Matkovick* (1984), 101 Ill. 2d 268, 276-77.

The defendants also suggest that the absence of any requirement of unlawful intent with respect to the possession of weapons by a felon in confinement deprives the statute of any core meaning. But the provision must be understood with its apparent purpose in mind. In

light of what has been termed "the central objective of prison administration, safeguarding institutional security" (*Bell v. Wolfish* (1979), 441 U.S. 520, 547, 60 L. Ed. 2d 447, 473, 99 S. Ct. 1861, 1878), prison authorities have an obvious interest in preventing prisoners' access to weapons (see *People v. Seymour* (1981), 84 Ill. 2d 24, 39). Moreover, if it is the defendants' contention that the statute is unconstitutional simply because it prohibits innocent conduct, then their complaint is not one of vagueness, but rather one of substantive due process—that the statute catches conduct that should not be made punishable—or one of statutory interpretation—that the legislature could not have intended to make that conduct a crime. (See *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.* (1982), 455 U.S. 489, 497 n.9, 71 L. Ed. 2d 362, 370-71 n.9, 102 S. Ct. 1186, 1192 n.9.) Here, the defendants have challenged only the vagueness of the statute.

The trial judge also ruled that the informations filed against the four defendants failed to allege an offense. The charges in these four cases are identical except for the descriptions of the particular weapons allegedly found in their cells. For example, the information filed against defendant Ryan alleges that he committed the offense of unlawful use of weapons by a felon on December 13, 1985, in Randolph County, "in that the said defendant, a convicted felon, while confined in a penal institution as defined in Section 2—14 of Chapter 38, Illinois Revised Statutes, knowingly possessed a home-made weapon fashioned from a metal rod and sharpened into a dagger or pick, a dangerous weapon or deadly instrument." The informations go on to allege that this is a violation of "Illinois Revised Statutes, 1983" and cite both section 24—1.1(a) and "P.A. 84—1041." Public Act 84—1041 amended section 24—1.1(b) by providing different penalties for felons, depending on whether they were in

prison or not, and by eliminating the unlawful-intent requirement for felons still in confinement.

An accused is constitutionally entitled to notice of the "nature and cause of the accusation" against him. (U.S. Const., amend. VI; Ill. Const. 1970, art. I, sec. 8.) The allegations of the charge should identify the offense and the offender, set out the nature and elements of the crime, and provide the date and county of the occurrence. (See *People v. Smith* (1984), 99 Ill. 2d 467; Ill. Rev. Stat. 1985, ch. 38, par. 111—3.) We believe that the charging instruments here are sufficient.

The defendants first point out that the informations did not correctly cite the edition of the relevant statutory compilation, for the offense did not come into existence until July 1, 1984 (see Ill. Rev. Stat., 1984 Supp., ch. 38, par. 24—1.1), and, moreover, Public Act 84—1041 did not take effect until November 26, 1985. The citation to an incorrect statutory provision is not necessarily fatal, however. (See *People v. Gray* (1978), 61 Ill. App. 3d 243; *People v. Dismore* (1975), 33 Ill. App. 3d 495.) The citations used here are not so misleading that the defendants could be prejudiced by them.

The defendants also complain that it is unclear from the informations whether they are charged with violating subsection (a) or subsection (b) of section 24—1.1 and that the informations combine elements from the two subsections. This argument rests on the assumption that the two subsections somehow state different offenses. We believe that section 24—1.1 provides a single offense, which may be committed in a variety of ways. That certain elements of the offense are set out in subsection (b), labeled "Sentence," does not require a different result. (See, *e.g., People v. Palmer* (1984), 104 Ill. 2d 340.) And contrary to the defendants' argument, no unlawful intent is required with respect to an imprisoned felon's possession of a dangerous weapon.

The defendants also point out that the informations fail to allege that the weapons are prohibited by section 24—1. But each of the informations describes the weapon that was found and characterizes it as "a dangerous weapon or deadly instrument." This was sufficient notice of that element of the offense.

For the reasons stated, the judgments of the circuit court of Randolph County are reversed, and the causes are remanded for further proceedings.

*Reversed and remanded.*

JUSTICE GOLDENHERSH took no part in the consideration or decision of this case.