THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. SHERMAN M. MORISSETTE, Defendant-Appellee.

Fourth District   No. 4—91—0464

Opinion filed March 5, 1992.

Thomas J. Brown, State's Attorney, of Pontiac (Kenneth R. Boyle, Robert J. Biderman, and James Majors, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Daniel D. Yuhas and Gary R. Peterson, both of State Appellate Defender's Office, of Springfield, for appellee.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

Defendant Sherman M. Morissette was indicted by a Livingston County grand jury for the offenses of attempt (escape) (Ill. Rev. Stat. 1989, ch. 38, par. 31—6), unlawful possession of contraband in a State penal institution (Ill. Rev. Stat. 1989, ch. 38, par. 31A—1.1(b)), and unlawful possession of a weapon by a person within the custody of a Department of Corrections (DOC) facility (Ill. Rev. Stat. 1989, ch. 38, par. 24—1.1(b)). On June 24, 1991, following a hearing, the court granted defendant's motion to dismiss the indictment. The State appeals, contending that each of the three counts of the indictment sufficiently stated a criminal offense. We affirm the dismissal of counts II and III but reverse the dismissal as to count I.

A pretrial motion to dismiss an indictment is governed by the standards set forth in section 114—1 of the Code of Criminal Procedure of 1963 (Code) (Ill. Rev. Stat. 1989, ch. 38, par. 114—1). (*People v. Pujoue* (1975), 61 Ill. 2d 335, 339, 335 N.E.2d 437, 440.) That section provides in part:

> "(a) Upon the written motion of the defendant made prior to trial *** the court may dismiss the indictment, information or complaint upon any of the following grounds:

* * *

(8) The charge does not state an offense \*\*\*." Ill. Rev. Stat. 1989, ch. 38, par. 114—1(a)(8).

██ The standard of review is not, as argued by the State, whether the "entire trial record, including police reports and a bill of particulars, operate to bar subsequent prosecution." (*People v. Walker* (1977), 47 Ill. App. 3d 737, 740, 365 N.E.2d 428, 431.) That standard has been said to be applicable only when the indictment was challenged for the first time on appeal (*Pujoue*, 61 Ill. 2d at 339, 335 N.E.2d at 440), where a complaint would be sufficient if it "apprised the accused of the precise offense charged with sufficient specificity to prepare his defense and allow pleading a resulting conviction as a bar to future prosecution arising out of the same conduct." In addition, the trial court should not look at the entire record, including the "voluminous investigative reports" to determine the sufficiency of the indictment. Rather, the court should look only at the charging instrument when deciding if it should dismiss a charge for failure to state an offense. *People v. Stoudt* (1990), 198 Ill. App. 3d 124, 125, 555 N.E.2d 825, 826.

Count I of the indictment charged defendant with the offense of attempt (escape) in that he, with the intent to commit the offense of escape (Ill. Rev. Stat. 1989, ch. 38, par. 31—6):

"[P]erformed a substantial step toward the commission of that offense, in that he, having been convicted of a felony, to-wit: Armed Robbery, in violation of Illinois Revised Statutes, Chapter 38, Section 18—2, obtained items to be used in an escape from the Pontiac Correctional Center, Pontiac, Illinois, a penal institution, in violation of Section 8—4(a) of Chapter 38 of the Illinois Revised Statutes, a Class 3 felony."

██ The trial court noted that "mere preparation" to commit a criminal offense does not constitute a substantial step for the purposes of the attempt statute. (*People v. Terrell* (1984), 99 Ill. 2d 427, 433, 459 N.E.2d 1337, 1340.) The court further noted, on the other hand, that it was not necessary to prove the defendant had performed the last deed immediately preceding that which would render the substantive crime complete. (*Terrell*, 99 Ill. 2d at 433, 459 N.E.2d at 1340.) A determination of what constitutes a "substantial step" must be made in each attempt case by evaluating the unique facts and circumstances of the particular case. The essential question which must be decided by the trier of fact is whether, given the intent to commit a specific offense, the defendant performed acts bringing him in " ' "dangerous proximity to success" ' " in carrying out his intent.

*Terrell*, 99 Ill. 2d at 434, 459 N.E.2d at 1341, quoting *People v. Paluch* (1966), 78 Ill. App. 2d 356, 360, 222 N.E.2d 508, 510, quoting *Hyde v. United States* (1912), 225 U.S. 347, 388, 56 L. Ed. 1114, 1134, 32 S. Ct. 793, 810 (Holmes, J., dissenting).

Here, however, the issue for us to decide is not what proof is required, but what must be alleged to state a charge. Count I did state that defendant intended to escape, and pursuant to that intent he took a substantial step toward escaping by obtaining items to be used in that escape. Whether the circumstances under which defendant acquired the items to be used in the escape, in fact, brought him "in dangerous proximity" to committing an escape so as to constitute a substantial step toward commission of escape would depend on the proof and would be a question of fact unless the proof completely failed. If the defendant needed more particular knowledge in order to prepare a defense to count I, he should have used the provision of section 111—6 of the Code (Ill. Rev. Stat. 1989, ch. 38, par. 111—6) and sought a bill of particulars.

In count II of the indictment, the State charged defendant with the offense of unlawful possession of contraband in a State penal institution, in that defendant possessed:

"[A] hacksaw blade, in the Pontiac Correctional Center, Pontiac, Livingston County, Illinois, a state penal institution, in violation of Section 31A—1.1(b) of Chapter 38 of the Illinois Revised Statutes, a Class 1 felony."

The trial court determined that a hacksaw blade was not an item of contraband as defined in section 31A—1.1 of the Criminal Code of 1961 (Criminal Code). That section defines contraband as alcoholic liquor, cannabis, controlled substances, hypodermic syringes, weapons, or firearms. (Ill. Rev. Stat. 1989, ch. 38, par. 31A—1.1.) The only definition of contraband applicable here would be a weapon, or more specifically:

"[A]ny knife, dagger, dirk, billy, razor, stiletto, broken bottle, or other piece of glass which could be used as a dangerous weapon. Such term includes any of the devices or implements designated in subsections (a)(1), (a)(3) and (a)(6) of Section 24—1 of this Act, or any other dangerous weapon or instrument of like character." (Ill. Rev. Stat. 1989, ch. 38, par. 31A—1.1(c)(2)(v).)

Sections 24—1(a)(1), (a)(3), and (a)(6) of the Criminal Code include weapons such as a bludgeon, "black-jack," "slung-shot," sand-club, "sand-bag," metal knuckles, throwing star, or any knife, commonly referred to as a switchblade knife, a ballistic knife, tear gas or other

noxious liquid gas, or any device or attachment used or intended for use in silencing the report of any firearm. Ill. Rev. Stat. 1989, ch. 38, pars. 24—1(a)(1), (a)(3), (a)(6).

The trial court found that a hacksaw blade was clearly not any of the items specifically listed in section 31A or 24—1 of the Criminal Code and concluded the State must have been relying on that portion of the definition which states "or any other dangerous weapon or instrument of like character." Ill. Rev. Stat. 1989, ch. 38, par. 31A—1.1(c)(2)(v).

Dangerous weapons are divided into two categories: weapons which are dangerous *per se* and those which become dangerous because of the way they are used. The trial court noted, for example, a firearm is a dangerous weapon *per se*, but a common object such as a fingernail clipper is not considered dangerous unless it is used with the point of the fingernail file, a part of the clipper, pressed against a victim's throat. (*People v. Robinson* (1978), 73 Ill. 2d 192, 383 N.E.2d 164.) The court did not consider a hacksaw blade, which is a common tool, to be dangerous *per se*, and in the absence of allegations of use which would make it a dangerous weapon, there was no criminal offense stated.

The State maintains that the purpose of the statute is to prohibit even the innocent possession of items that are likely to be hazardous in a penal setting. (*People v. Ryan* (1987), 117 Ill. 2d 28, 32-33, 509 N.E.2d 1001, 1002.) The State argues that a hacksaw blade is clearly likely to be hazardous in a penal setting and, contrary to the trial court's statements, is not a common tool in a prison.

In *Ryan*, the defendants were inmates at Menard Correctional Center and were charged with possession of homemade weapons fashioned from a metal rod and sharpened into what was described as a dagger, dirk or pick. One defendant was charged with possession of two homemade knives, each about seven inches long and made from pieces of Plexiglas. The supreme court noted that the informations in each case described the weapon that was found and characterized it as " 'a dangerous weapon or deadly instrument.' " (*Ryan*, 117 Ill. 2d at 38, 509 N.E.2d at 1005.) The court found this to be sufficient notice of that element of the offense.

Here, however, the indictment did not describe the hacksaw or allege it was a dangerous weapon or deadly instrument. Thus, absent the allegations of such description or use, an indictment listing a tool which is not dangerous *per se* is insufficient. The trial court properly dismissed count II of the indictment.

■ Count III of the indictment charged defendant with the unlawful possession of a weapon by a person in the custody of a DOC facility. It charged defendant with possession of:

"[A] hacksaw blade while confined in the Pontiac Correctional Center, Pontiac, Illinois, a penal institution which is a facility of the Illinois Department of Corrections, in violation of Section 14—1.1(b) of Chapter 38, (Class 1 Felony) of the Illinois Revised Statutes."

The trial court dismissed count III, based on its conclusion that "a hacksaw blade is not defined as a dangerous weapon anywhere in that section." The court determined that, in order to fall under that section's definition of "other dangerous or deadly weapon or instrument of like character," there would have to be an allegation of use which made it a dangerous weapon. The court concluded count III failed to state a charge for the same reasons as set forth with respect to count II and that it also should be dismissed.

In this count, as in count II, the allegation was not sufficient to allege the hacksaw blade was a dangerous weapon or instrument of like character. A hacksaw blade is not dangerous *per se,* and "the unlawful weapons statute is not intended to make the possession of every tool, implement, or sporting device which has the potential to inflict serious bodily harm an unlawful weapon." (*City of Pekin v. Shindledecker* (1981), 99 Ill. App. 3d 571, 574, 426 N.E.2d 13, 15.) The trial court properly dismissed count III for failing to state an offense.

Accordingly, for the reasons stated, we affirm the part of the judgment dismissing counts II and III and reverse the portion of the dismissal of count I. We remand to the circuit court for further proceedings.

Affirmed in part, reversed in part, remanded.

COOK and LUND, JJ., concur.