J-S05028-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD JAMAR SEARS, JR. | : | |
| | : | |
| Appellant | : | No. 1237 MDA 2019 |

Appeal from the PCRA Order Entered June 19, 2019,
in the Court of Common Pleas of Northumberland County,
Criminal Division at No(s):  CP-49-CR-0000743-2014.

BEFORE:  SHOGAN, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY KUNSELMAN, J.:          **FILED: APRIL 30, 2020**

Richard Jamar Sears, Jr., appeals *pro se* from the order denying his first petition for relief pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  We affirm.

The facts and pertinent procedural history are as follows.  On July 15, 2015, a jury found Sears guilty of weapons or implements for escape and possession of weapons unauthorized.   Sears represented himself at trial, but the trial court appointed standby counsel.  On December 7, 2015, the trial court imposed an aggregate term of four to ten years of imprisonment.  Sears filed a timely appeal to this Court.  On May 12, 2017, we quashed Sears' appeal because the deficiencies in his *pro se* brief prevented "us from ascertaining whether there [was] any possible merit to his appeal."  **Commonwealth v. Sears***,* 170 A.3d 1210 (Pa. Super. 2017), Judgment

Order at 3. On January 4, 2018, our Supreme Court denied Sears' petition for allowance of appeal. *Commonwealth v. Sears*, 178 A.3d 104 (Pa. 2018).

On January 11, 2019, Sears filed a timely *pro se* PCRA petition. The PCRA court appointed counsel, and, on March 5, 2019, PCRA counsel filed a "no-merit" letter and petition to withdraw pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley* 550 A.2d 213 (Pa. Super. 1988) (en banc). On March 7, 2019, the PCRA court granted counsel's petition to withdraw and stated its intention to dismiss Sears' PCRA petition without a hearing. Sears filed a response and a motion for leave to file an amended PCRA petition. Sears also filed a motion for reconsideration. By order entered June 19, 2019, the PCRA court denied Sears' petition. This appeal followed. The PCRA court did not require Pa.R.A.P. 1925 compliance.

Sears now raises the following issues:

1. Does the 14th Amendment protect a person from convictions and sentences which resulted from a procedure on information for indictable offenses absent any indictments if the Constitution require[s] indictments for such offenses?

2. Does the 14th Amendment protect a person if the evidence used against him is insufficient to support his convictions and sentences?

3. Did the PCRA court err or abuse its discretion in violation of the 14th Amendment in not allowing a first timely PCRA petition to be amended to avoid dismissal and add new claims if leave to amend was requested before the PCRA court fully adjudicated and rendered its decision on the PCRA petition?

4. Does the 6th and 14th Amendments protect a person if PCRA counsel's performance was ineffective?

Sears' Brief at 4.

Our scope and standard of review is well settled:

> In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo*.

***Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775, 779 (Pa. Super. 2015) (citations omitted).

When the PCRA court has dismissed a petitioner's PCRA petition without an evidentiary hearing, we review the PCRA court's decision for an abuse of discretion. ***Commonwealth v. Roney***, 79 A.2d 595, 604 (Pa. 2013). The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. ***Id.*** To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing. ***Commonwealth v. Blakeney***, 108 A.3d 739, 750 (Pa. 2014).

In light of the above standards, we will now address each of Sears' issues. To be eligible for post-conviction relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated errors or defects in 42 Pa.C.S.A. section 9543(a)(2), and that the issues he raises have not been previously litigated. **Commonwealth v. Carpenter**, 725 A.2d 154, 160 (Pa. 1999). An issue has been "previously litigated" if the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue, or if the issue has been raised and decided in a proceeding collaterally attacking the conviction or sentence. **Carpenter**, 725 A.2d at 160; 42 Pa.C.S.A. § 9544(a)(2), (3). If a claim has not been previously litigated, the petitioner must then prove that the issue was not waived. **Carpenter**, 725 A.2d at 160. An issue will be deemed waived under the PCRA "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal, or in a prior state post-conviction proceeding." 42 Pa.C.S.A. § 9544(b).

In his first issue, Sears asserts that his constitutional rights were violated when the Commonwealth prosecuted him via the filing of a criminal information rather than assembling a grand jury to indict him. This claim in waived because it could have been raised on direct appeal. **Carpenter**, **supra**.

Notwithstanding waiver, however, Sears' claim is meritless. Sears' reliance upon our Supreme Court's decision in **Commonwealth v Cano**, 133

A.2d 800 (Pa. 1957) is misplaced. Article 1, Section 10 was amended in 1976 to allow for the use of criminal informations. *See Commonwealth v. Brown*, 372 A2d 887, 888 (discussing the amendment); *see also Commonwealth v. Schultz*, 133 A.3d 294, 315 (Pa. Super. 2016) (stating, "[t]he current Pennsylvania Constitution was amended to allow for the frequent use of criminal informations. Hence, the typical manner of instituting a criminal prosecution is no longer via a grand jury indictment"). Because the Commonwealth properly prosecuted Sears using a criminal information, even if not waived, his first issue would warrant no relief.

In his second issue, Sears challenges the sufficiency of the evidence supporting his convictions. This claim also is waived because he did not challenge the sufficiency of the evidence on direct appeal. *Carpenter, supra*.

Notwithstanding waiver, Sears' claim has no merit.

Pursuant to Section 5122(a)(2) of the Crimes Code, "[a]n inmate commits a misdemeanor of the first degree if he unlawfully procures, makes or otherwise provides himself with, or unlawfully has in his possession or under his control, any weapon, tool, implement or other thing that might be used for escape." 18 Pa.C.S.A. § 5122. Section 5122(b) defines "weapon" as "any implement readily capable of lethal use and shall include . . . any item which has been modified or adopted so that it could be as a . . . knife, dagger, razor, other cutting or stabbing implement[.]"

Pursuant to Section 908(a) of the Crimes Code, "[a] person commits a misdemeanor of the first degree if . . . he . . . possesses any offensive

weapon." 18 Pa.C.S.A. § 908. Under section 908(c), "offensive weapons" are defined to include "[a]ny . . . dagger, knife, razor or cutting instrument . . . or other implement for the infliction of serious bodily injury which serves no common lawful purpose."

Sears claims the evidence presented by the Commonwealth was insufficient because his possession of a "six inch sharpened homemade metal is not specifically enumerated within the definition" of either criminal statute. Sears' Brief at 14. We cannot agree. As stated above, the definition of the weapon in both criminal statutes is not limited to the specific weapons enumerated in their definition of "weapon." Testimony at trial readily revealed that the item seized from Sears as modified by him could be used to cause serious bodily injury or even death. When Richard Long, a supervisor at the prison, was asked to describe the weapon found on Sears' person, he testified as follows:

> It's an approximately six inch piece of metal. One end appears to be sharpened. The other end is wrapped in white tissue paper, and then covered over with Scotch tape. . . . A sharpened piece of steel with a handle has one purpose. It is an offensive weapon.

N.T., 7/15/15, at 42.

The above description qualifies as a "weapon" under both criminal statutes. *See, e.g., Commonwealth v. Jordan*, 632 A.2d 325, 328 (Pa. Super. 1993) (distinguishing facts before it from Illinois decision that found sufficient evidence to support conviction for unlawful possession of

"homemade weapons fashioned from a metal rod and sharpened into what was described as a dagger, dirk or pick"). ***See also Commonwealth v. Hitchon****,* 549 A.2d 943 (Pa. Super. 1988) (holding evidence sufficient to support verdict that six-inch cylindrical steel shaft with a pointed end was a cutting or other instrument within the meaning of section, which prohibits possession of offensive weapons). Thus, absent waiver, Sears' second issue would entitle him to no relief.

In his third issue, Sears asserts that the PCRA court erred in failing to grant him leave to amend his PCRA petition in response to PCRA counsel's filing of a ***Turner/Finley*** letter and petition to withdraw. This claim involves the court's exercise of discretion pursuant to Pennsylvania Rule of Criminal Procedure 905.

Pennsylvania Rule of Criminal Procedure 905 explicitly provides that a petitioner may only amend a PCRA petition by direction or leave of the PCRA court. Pa.R.Crim.P. 905; ***Commonwealth v. Porter****,* 35 A.3d 4, 12 (Pa. 2012). Therefore, before a petitioner may amend a PCRA petition, a petitioner must seek and obtain leave to amend because amendments to a PCRA petition are not "self-authorizing." ***Commonwealth v. Baumhammers****,* 92 A.3d 708, 730 (Pa. 2014) (quoting ***Porter****,* 35 A.3d at 12). As our Supreme Court has recently summarized:

> Rule 905(A) governs the amendment of a pending PCRA petition. Pursuant to this Rule, PCRA courts are invested with the discretion to permit amendment of a pending, timely-filed post-conviction petition which must be exercised consistently with the command of Rule 905(A)

that amendment should be freely allowed to achieve substantial justice. Adherence to this liberal standard for amendment is essential because criminal defendants may have just one opportunity to pursue collateral relief in state court.

*Commonwealth v. Crispell*, 193 A.3d 919, 930 (Pa. 2018) (citation omitted).

Here, the PCRA court denied Sears's motion for leave to amend because the issues he wished to raise—the court's jurisdiction and the legality of his sentence—were correctly found to be meritless by PCRA counsel, and further pro se amendment by Sears would serve no purpose. *See* Order, 6/19/19, at 1 (stating Sears "has exceeded the scope of the PCRA statute with his insistence that this [c]ourt lacks jurisdiction over him and his case"). As we discern no abuse of discretion in disallowing Sears to amend his PCRA petition, Sears' third issue fails.

In his fourth and final issue, Sears challenges the PCRA counsel's assistance as ineffective. Claims of ineffective assistance of post-conviction relief counsel in a PCRA proceeding may not be raised for the first time on appeal. *Commonwealth v. Henkel*, 90 A.3d 16 (Pa. Super. 2014). When PCRA counsel files a *Turner/Finley* letter to the PCRA court, a petitioner must allege any claims of PCRA counsel's ineffectiveness in response to a Pa.R.Crim.P. 907 notice of intent to dismiss. *Commonwealth v. Ford, 44 A.3d 1096 (Pa. Super. 2012). See also Commonwealth v. Smith*, 121 A.3d 1049 (Pa. Super. 2015).

Here, Sears arguably challenged PCRA counsel's ineffectiveness in his Rule 907 response. He essentially claims that PCRA counsel was ineffective because, "as demonstrated above in [issues] 1 and 2, cited decisions from the highest Courts establishes that those claims presented by [him] are absolutely meritorious and non-waivable." Sears' Brief at 21. Because we have determined that Sears' first two issues are without merit, his claim of PCRA counsel's ineffectiveness entitles him to no relief.

In sum, because Sears' claims are waived or otherwise without merit, we affirm the PCRA court's order denying him post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/30/2020