(No. 59912.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. CHARLES O. WICK, Appellee.

*Opinion filed July 17, 1985.*

Neil F. Hartigan, Attorney General, of Springfield, and Dennis Schumacher, State's Attorney, of Oregon (Jill Wine-Banks, Solicitor General, and Mark L. Rotert and Ellen M. Flaum, Assistant Attorneys General, of Chicago, and Phyllis J. Perko and Sally A. Swiss, of the State's Attorneys Appellate Service Commission, of Elgin, of counsel), for the People.

G. Joseph Weller, Deputy Defender, and Kathleen J. Hamill, Assistant Defender, of the Office of the State Appellate Defender, of Elgin, for appellee.

JUSTICE SIMON delivered the opinion of the court:

After a jury trial in the circuit court of Ogle County, the defendant, Charles O. Wick, was convicted of aggravated arson (Ill. Rev. Stat. 1981, ch. 38, par. 20—1.1(a)(3)) and sentenced to six years' imprisonment. The appellate court reversed the conviction (121 Ill. App. 3d 94), concluding that the aggravated-arson statute is an unreasonable and arbitrary exercise of the State's police power, which violates the guarantee of due process in article I, section 2 of the Illinois Constitution (Ill. Const. 1970, art. I, sec. 2). The appeal is here as a matter of right under Rule 317 (87 Ill. 2d R. 317).

The defendant was charged with committing aggravated arson by setting fire to his own tavern, as a result of which a fireman required out-patient treatment for smoke inhalation. Evidence was offered at trial that the defendant had left and locked the premises at 1:10 a.m., that the alarm was received at 1:30, that the building was deserted and locked when the fire department arrived, that the defendant arrived at 2:20 a.m. and signed a release permitting an investigation into the cause of the fire, that the fire had four separate points of origin, and that an accelerant had been used. The defendant denied having any knowledge of the cause of the fire.

Simple arson is a Class 2 felony that is defined in section 20—1 of the Code as follows:

"Sec. 20—1. Arson. A person commits arson when, by means of fire or explosive, he knowingly:

(a) Damages any real property, or any personal property having a value of $150 or more, of another without his consent; or

(b) With intent to defraud an insurer, damages any property or any personal property having a value of $150 or more.

Property 'of another' means a building or other property, whether real or personal, in which a person other than the offender has an interest which the offender has no authority to defeat or impair, even though the offender may also have an interest in the building or property." Ill. Rev. Stat. 1981, ch. 38, par. 20—1.

Aggravated arson, on the other hand, is a Class X felony, and is defined in section 20—1.1 of the Illinois criminal code in part as follows:

"Sec. 20—1.1. Aggravated Arson. (a) A person commits aggravated arson when by means of fire or explosive he knowingly damages, partially or totally, any building or structure, including any adjacent building or structure, and *** (3) a fireman or policeman who is present at the scene acting in the line of duty, is injured as a result of the fire or explosion." Ill. Rev. Stat. 1981, ch. 38, par. 20—1.1.

The defendant was charged under this subsection of the aggravated-arson statute, which provides that an offense is committed when a person knowingly damages a building by fire and a fireman or policeman is injured at the scene as a result of the fire. The unlawful purpose that is required for an act to constitute simple arson— that the offender knowingly damage by fire either property belonging to another without his consent, or any property with the intent to defraud an insurer—is not required for aggravated arson. Thus, these statutes

present some anomalies. First, aggravated arson, which is punished as a Class X felony, requires a lesser degree of malice or unlawful purpose than simple arson, which is punished as a Class 2 felony. Second, arson is not a lesser included offense of aggravated arson, because the *mens rea* required for the lesser offense (arson) is greater than that required for the greater offense (aggravated arson). Thus, proof of the elements of aggravated arson cannot themselves constitute proof of arson. See *People v. Cramer* (1981), 85 Ill. 2d 92, 95-100.

The defendant argues that the aggravated-arson statute violates due process and is therefore unconstitutional because it is an unreasonable and arbitrary exercise of the State's police power. This court stated in *Heimgaertner v. Benjamin Electric Manufacturing Co.* (1955), 6 Ill. 2d 152, 158-59:

> "The State may, in the exercise of its police power, restrict, regulate or prohibit any and all uses of private property in the interest of public health, safety and welfare. [Citations.] The police power, however, while paramount to the rights of the individual, is still restrained by the fundamental principles of justice connoted by the phrase, due process of law. \*\*\* We have consistently stated that the standard of a proper exercise of the police power is whether the statute is reasonably designed to remedy the evils which the legislature has determined to be a threat to the public health, safety and general welfare. [Citations.]"

The standard enunciated above was refined and clarified in subsequent cases:

> "To constitute a legitimate exercise of the police power, [a] legislative enactment must bear a reasonable relationship to the public interest intended to be protected, and the means adopted must be a reasonable method of accomplishing the desired objective. (*Finish Line Express, Inc. v. City of Chicago* (1978), 72 Ill. 2d 131, 138; *Sherman-Reynolds, Inc. v. Mahin* (1970), 47 Ill. 2d 323, 327.)"

*Illinois Gamefowl Breeders Association v. Block* (1979), 75 Ill. 2d 443, 453.

Thus, the question of whether a legislative exercise of the police power meets the constitutional requirement of due process involves identifying the public interest that the statute is intended to protect, examining whether the statute "bears a reasonable relationship" to that interest, and determining whether the method used to protect or further that interest is "reasonable." No doubt the purpose of the portion of the aggravated-arson statute under which the defendant was charged (sec. 20–1.1(a)(3)) was to subject arsonists to a more severe penalty when their conduct results in personal injury to firemen or policemen than when it results in property damage only.

Because aggravated arson as defined by the statute does not require an unlawful purpose in setting a fire, however, the statute as presently constituted sweeps too broadly by punishing innocent as well as culpable conduct in setting fires. Under this statute, for example, a farmer who demolishes his deteriorated barn to clear space for a new one is liable for a Class X penalty if a fireman standing by is injured at the scene. If the statute's purpose is to provide a severe penalty for arsonists whose conduct results in personal injury to firemen or policemen, the statute does not bear a reasonable relationship to its purpose because the penalty is not limited to arsonists. Moreover, a statute that subjects a person having no culpable intent to a Class X penalty is not a reasonable means of ensuring that arsonists are so punished.

The State argues that the purpose of the statute is to protect the public from the inherently dangerous qualities of fire by discouraging its use by laymen to destroy structures. If this is the case, however, the statute is even farther from meeting the constitutional standard of

due process than if its purpose is to punish more severely arsonists whose conduct causes personal injury instead of only property damage. If the State's assessment of the statute's purpose were correct, then the most direct means to that end would be a categorical ban on setting fires. So indirect a means of achieving that end as the statute in question falls far short of meeting the "reasonable relationship" test. Moreover, imposing a Class X penalty in case of injury but no penalty otherwise would not be a reasonable method of ensuring compliance with such a ban.

Finally, the State argues in the alternative that we may construe the word "arson" in section 20—1.1, the aggravated-arson statute, as a term of art that incorporates the elements of arson as defined in section 20—1, including the element of culpable intent, and thereby save section 20—1.1(a)(3) from unconstitutionality. However, such a construction would render all of the language of the aggravated-arson statute that precedes its subsections meaningless surplusage. The rule of statutory construction followed by this court is that the presence of surplusage will not be presumed. (See *Coalition for Political Honesty v. State Board of Elections* (1976), 65 Ill. 2d 453, 466; *Oak Park Federal Savings & Loan Association v. Village of Oak Park* (1973), 54 Ill. 2d 200, 203; *Hirschfield v. Barrett* (1968), 40 Ill. 2d 224, 230.) Moreover, even if we were to adopt such a construction, the conviction in the case before us could not stand because the jury was not instructed on the element of culpable intent, and therefore made no finding on that issue.

For the foregoing reasons, we hold that the legislature's failure to require a culpable intent renders unconstitutional subsection (a)(3) of the aggravated-arson statute under which the defendant in the present case was charged. We do not reach the question of the validity of

subsections (a)(1) and (a)(2).

Because an effective means of reducing injuries to firemen and police officers resulting from arson is a laudatory goal, we encourage the legislature to cure the constitutional defect of the statute as it is presently formulated at the earliest possible time.

*Judgment affirmed.*