THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MIGUEL CORTEZ, Defendant-Appellant.

First District (4th Division)   No. 1—95—1158

Opinion filed September 12, 1996.—Rehearing denied March 7, 1997.

Rita A. Fry, Public Defender, of Chicago (James N. Perlman, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Kenneth McCurry, and Renee P. O'Neill, Assistant State's Attorneys, of counsel), for the People.

JUSTICE THEIS delivered the opinion of the court:

Following a bench trial, defendant was convicted of stalking and sentenced to probation. On appeal, defendant argues that the stalking statute is unconstitutional on its face and its application to him violated *ex post facto* constitutional guarantees.

The evidentiary matters are not in dispute. Defendant and Adriana Arce (Arce) lived together for several years and had one child. On June 14, 1993, a disagreement occurred between them. Defendant pummeled and threatened Arce, and said that he would take their child. As a result, Arce took their child and left, eventually obtaining an order of protection against defendant in September of 1993. This did not end defendant's attempts to remain in contact with Arce. Arce testified that beginning in early 1994, defendant stood outside of her new residence, watching and following her, on approximately six occasions. Defendant frequently left items in Arce's car.

In May of 1994, defendant telephoned Arce and proposed a reconciliation. Arce refused. Shortly thereafter, defendant arrived at Arce's residence. When Arce refused to let defendant into her home, defendant pounded on the door and tried to force entry. Four days later, Arce was driving a car when defendant drove up behind her. Defendant repeatedly tried to force Arce off of the road. Arce drew the attention of a police car. After Arce told the police about the defendant's conduct, the police arrested him.

The State brought charges of aggravated stalking against defendant. Upon the defense's motion for a directed finding, the court ruled that the prosecution failed to establish conduct in aggravation. However, the court noted that the lesser charge of stalking was still before the court. After argument, the court found defendant guilty of stalking and sentenced defendant to 30 months' probation.

On appeal, defendant argues that: (1) his conviction must be overturned because the 1993 stalking statute is unconstitutional; and (2) his conviction for stalking violated the constitutional guarantees against *ex post facto* laws. However, we find that defendant has not

satisfied his burden of establishing the constitutional violations and affirm. *People v. Bales*, 108 Ill. 2d 182, 483 N.E.2d 517 (1985).

■ Defendant first claims that the 1993 stalking statute is void for overbreadth. A discussion of the 1992 version of the stalking statute, which was recently upheld as constitutional in *People v. Bailey*, 167 Ill. 2d 210, 657 N.E.2d 953 (1995), is helpful in understanding defendant's challenge to the 1993 stalking statute. The 1992 version, in relevant part, stated:

"(a) A person commits stalking when he or she transmits to another person a threat *with the intent* to place that person in reasonable apprehension of death, bodily harm, sexual assault, confinement or restraint, and *in furtherance* of the threat knowingly does any one or more of the following acts on at least 2 separate occasions:

(1) follows the person, other than within the residence of the defendant;

(2) places the person under surveillance by remaining present outside his or her school, place of employment, vehicle, other place occupied by the person, or residence other than the residence of the defendant." (Emphasis added.) 720 ILCS 5/12—7.3(a) (West 1992).

The 1993 version of the stalking statute became effective on August 20, 1993, and it provided:

"(a) A person commits stalking when he or she, *knowingly and without lawful justification*, on at least 2 separate occasions follows another person or places the person under surveillance or any combination thereof and:

(1) at any time transmits a threat to that person of immediate or future bodily harm, sexual assault, confinement or restraint; *or*

(2) places that person in reasonable apprehension of immediate or future bodily harm, sexual assault, confinement or restraint." (Emphasis added.) 720 ILCS 5/12—7.3(a) (West 1994).

Defendant notes that under the 1993 definition of stalking, one element of the offense is that the defendant has to knowingly and without lawful justification follow or place another person under surveillance on at least two different occasions. Defendant also notes that the other element of the crime of stalking contains two alternate subelements: the defendant must either issue a threat to the complainant or place the complainant in reasonable apprehension of receiving imminent or future injury.

However, defendant argues that no mental state, such as knowledge, accompanies either of these two alternate subelements. Nor, he

claims, is there a requirement that either subelement be committed without lawful justification. Additionally, he maintains there is no longer a requirement that the following or surveillance be in furtherance of the threat. As a result, defendant claims, the statute encompasses innocent conduct. We disagree.

■ Statutes carry a strong presumption of constitutionality. *People v. Holt*, 271 Ill. App. 3d 1016, 649 N.E.2d 571 (1995). Courts will strike down a statute in violation of the due process clause if the statute does not bear a reasonable relationship to the public interest which it sought to protect. See, *e.g., People v. Wick*, 107 Ill. 2d 62, 481 N.E.2d 676 (1985). In *Wick*, the Illinois Supreme Court held that an aggravated arson statute, which subjected arsonists to more severe punishments if a fire fighter or police officer was injured, was overly broad because the statute did not require that the arsonist have an unlawful purpose in setting the fire. The court found that the statute encompassed both innocent and criminal conduct. The court ruled that the statute swept too broadly in protecting its stated interests and was therefore unconstitutional. *Wick*, 107 Ill. 2d 62, 481 N.E.2d 676.

■ In the instant case, defendant argues that the 1993 stalking statute's elimination of the "intent" and "in furtherance" language could result in the punishment of innocent conduct. However, we interpret the 1993 statute's "knowingly" and "without lawful justification" language as modifying not only the acts of following and surveilling, but also as modifying the conduct described in subparts (1) and (2). *People v. Holt*, 271 Ill. App. 3d 1016, 649 N.E.2d 571 (1995). "If the statute defining an offense prescribed a particular mental state with respect to the offense as a whole, without distinguishing among the elements thereof, the prescribed mental state applies to each such element." 720 ILCS 5/4—3(b) (West 1994). In doing so, we find that the statute proscribes only culpable conduct.

This construction of the statute is consistent with the legislature's intention to protect victims prior to an actual physical injury in enacting the statute. See *Holt*, 271 Ill. App. 3d 1016, 649 N.E.2d 571. The legislature noted instances of persons being repeatedly terrorized by stalkers because the police were powerless to act until the offenders broke an existing law. 87th Ill. Gen. Assem., Senate Proceedings, May 21, 1992, at 61 (statement of Senator Geo-Karis). Because studies revealed that a stalker's obsessive behavior is forewarning of future violence, the legislature was anxious to "provide a tool to law enforcement agencies that will allow them to [*sic*] the opportunity to save and protect some of these victims before it is too late." 87th Ill. Gen. Assem., House Proceedings, May 20, 1992, at 73 (statement of Representative Homer).

482

Furthermore, the Illinois Supreme Court's guidelines for statutory construction compel such an interpretation. The Illinois Supreme Court discussed the guidelines for statutory construction in the face of constitutional challenges in *People v. Bailey*, stating that a court must: (1) determine and give effect to the statute's legislative purpose; (2) affirm the statute's validity and constitutionality if reasonably possible; and (3) presume that the interpretation of a statute that renders it valid was the interpretation intended by the legislature. *Bailey*, 167 Ill. 2d at 225, 657 N.E.2d at 960-61.

Pursuant to these guidelines, we find that interpreting the statute to prohibit only culpable conduct is reasonable, gives effect to the legislature's intent, and renders the statute constitutional. As such, the 1993 stalking statute is distinguishable from those statutes that could not be interpreted to punish only unlawful conduct. Compare *People v. Jihan*, 127 Ill. 2d 379, 537 N.E.2d 751 (1989). This interpretation of the 1993 stalking statute prevents the statute from encompassing innocent conduct and bears a reasonable relationship to the interest it seeks to protect. Therefore, we reject defendant's argument that the 1993 stalking statute is void for overbreadth.

Next, defendant claims that the statute is vague because it does not sufficiently define what constitutes criminal conduct. Specifically, defendant argues that the statute does not describe circumstances under which following or surveillance is prohibited. A statute violates the due process clause of the fourteenth amendment if it: (1) fails to put the average person on notice that the contemplated conduct is prohibited; (2) permits arbitrary enforcement by law enforcement personnel and criminalizes potentially innocent conduct; and (3) grants the police broad discretion in determining whether the statute has been violated. *People v. Wick*, 107 Ill. 2d 62, 481 N.E.2d 676 (1985).

Initially, we must determine whether and to what extent defendant has standing to challenge the constitutionality of this statute. Illinois law clearly holds that " '[v]agueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand.' " *People v. Ryan*, 117 Ill. 2d 28, 34, 509 N.E.2d 1001, 1003 (1987), quoting *United States v. Mazurie*, 419 U.S. 544, 550, 42 L. Ed. 2d 706, 713, 95 S. Ct. 710, 714 (1975). When evaluating a vagueness challenge that does not implicate first amendment concerns, the court must determine whether the statute is vague as it applies to that particular defendant. *People v. Jihan*, 127 Ill. 2d 379, 537 N.E.2d 751 (1989).

■ In the instant case, we reach the same conclusion as the Illinois Supreme Court in *People v. Bailey* in determining that defendant's vagueness challenge does not invoke first amendment

concerns. See also *People v. Holt*, 271 Ill. App. 3d 1016, 649 N.E.2d 571 (1995). Accordingly, we find that defendant has standing to challenge the definiteness of the statute only as it applies to the facts in his case.

The statute will survive such a challenge if it gives " 'a person of ordinary intelligence a reasonable opportunity to know what conduct is lawful and what conduct is unlawful.' " *People v. Anderson*, 148 Ill. 2d 15, 27-28, 591 N.E.2d 461, 467 (1992), quoting *People v. Bales*, 108 Ill. 2d 182, 188, 483 N.E.2d 517, 520 (1985). The statute need not contain extreme details in order to convey an adequate warning. *People v. Haywood*, 118 Ill. 2d 263, 515 N.E.2d 45 (1987).

The 1993 stalking statute's use of the terms "follows" and "surveillance" is sufficiently definite to put the average person on notice as to what constitutes a violation. See *People v. Bailey*, 167 Ill. 2d 210, 657 N.E.2d 953 (1995). The statute further requires that the conduct be undertaken "knowingly" and "without lawful justification." Defendant argues that the use of the phrase "without lawful justification" in conjunction with the term "following" or "surveillance" invokes circular reasoning because the statute does not indicate when or how such conduct is undertaken without lawful justification.

We find that defendant's argument ignores the limited nature of his challenge. In reviewing defendant's claim, we only evaluate the statute as it applies to the circumstances in defendant's case. We reject defendant's argument that the statute is unconstitutionally vague as it applies to him. Defendant knowingly and without lawful justification beat Arce, attempted to run her off the road, repeatedly stood outside of Arce's residence and tried to break down the door to her home. Defendant also told Arce that if she informed the police that defendant beat her, he would "hurt [her] wherever it hurts" and "take [her] kid away." The statute clearly warns defendant that his conduct would subject him to penalty under the statute. We refuse to adopt defendant's contention that a person of ordinary intelligence could reasonably believe that he was behaving with lawful justification.

Furthermore, we find that the 1993 stalking statute is sufficiently narrow to avoid arbitrary enforcement by the police. The police may only make an arrest under this statute where a defendant knowingly and without lawful justification either follows or places a person under surveillance on two separate occasions, and either threatens or assaults that person. Accordingly, the statute affords the police little discretion in enforcing this statute. See *People v. Bailey*, 167 Ill. 2d 210, 657 N.E.2d 953 (1995). Therefore, we find that the statute is not unconstitutionally vague as it applies to defendant.

■ Finally, defendant argues that his conviction was improper because it violated the constitutional guarantee against *ex post facto* application of the 1993 version of the stalking statute under which he was charged. Defendant notes that statute became effective in August 1993. However, the information charging him with the offense listed his threatening acts as occurring on June 14, 1993, and his acts of following or surveillance as occurring in May 1994. Defendant argues that when he beat and threatened complainant on June 14, 1993, he had no notice that he was fulfilling one of the elements under the 1993 version of the stalking statute. Defendant's argument must fail.

A law is applied *ex post facto* if (1) the State charges a defendant under a statute for conduct that occurred prior to its enactment; and (2) the statute's application further disadvantages the defendant. *People v. Witt*, 227 Ill. App. 3d 936, 941-42, 592 N.E.2d 402, 407 (1992). A defendant is further disadvantaged by the application of a statute if it punishes defendant for conduct "which was previously lawful, increase[s] the penalty for a particular crime or deprive[s] one charged with a crime of a defense that was available under the law at the time the act was committed thereby making conviction easier." *Witt*, 227 Ill. App. 3d at 942, 592 N.E.2d at 407.

In the instant case, defendant's conduct on June 14, 1993, was unlawful under both the 1992 and 1993 versions of the stalking statute. Defendant does not contend that he has been subjected to an increased penalty under the 1993 version of the statute and he does not claim that application of the 1993 version deprived him of a defense. Furthermore, a review of both the 1992 and the 1993 stalking statutes reveals that defendant satisfied the elements under both statutes.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

CAHILL and O'BRIEN, JJ., concur.