FOURTH DIVISION
 September 12, 1996











No. 1-95-1158


THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from
 ) the Circuit Court
 Plaintiff-Appellee, ) of Cook County.
 )
 v. ) No. 94-CR-13410
 )
MIGUEL CORTEZ, ) Honorable
 ) Edward M. Fiala, Jr.,
 Defendant-Appellant. ) Judge Presiding.



 JUSTICE THEIS delivered the opinion of the court:

 Following a bench trial, defendant was convicted of stalking and
sentenced to probation. On appeal, defendant argues that the stalking
statute is unconstitutional on its face and its application to him
violated ex post facto constitutional guarantees.
 The evidentiary matters are not in dispute. Defendant and
Adriana Arce (Arce) lived together for several years and had one
child. On June 14, 1993, a disagreement occurred between them. 
Defendant pummeled and threatened Arce, and said that he would take
their child. As a result, Arce took their child and left, eventually
obtaining an order of protection against defendant in September of
1993. This did not end defendant's attempts to remain in contact with
Arce. Arce testified that beginning in early 1994, defendant stood
outside of her new residence, watching and following her, on
approximately six occasions. Defendant frequently left items in
Arce's car.
 In May of 1994, defendant telephoned Arce and proposed a
reconciliation. Arce refused. Shortly thereafter, defendant arrived
at Arce's residence. When Arce refused to let defendant into her
home, defendant pounded on the door and tried to force entry. Four
days later, Arce was driving a car when defendant drove up behind her. 
Defendant repeatedly tried to force Arce off of the road. Arce drew
the attention of a police car. After Arce told the police about the
defendant's conduct, the police arrested him.
 The State brought charges of aggravated stalking against
defendant. Upon the defense's motion for a directed finding, the
court ruled that the prosecution failed to establish conduct in
aggravation. However, the court noted that the lesser charge of
stalking was still before the court. After argument, the court found
defendant guilty of stalking and sentenced defendant to 30 months'
probation.
 On appeal, defendant argues that: (1) his conviction must be
overturned because the 1993 stalking statute is unconstitutional; and
(2) his conviction for stalking violated the constitutional guarantees
against ex post facto laws. However, we find that defendant has not
satisfied his burden of establishing the constitutional violations and
affirm. People v. Bales, 108 Ill. 2d 182, 483 N.E.2d 517 (1985)).
 Defendant first claims that the 1993 stalking statute is void for
overbreadth. A discussion of the 1992 version of the stalking
statute, which was recently upheld as constitutional in People v.
Bailey, 167 Ill. 2d 210, 657 N.E.2d 953 (1995), is helpful in
understanding defendant's challenge to the 1993 stalking statute. The
1992 version, in relevant part, stated:
 "(a) A person commits stalking when he or she
 transmits to another person a threat with the
 intent to place that person in reasonable
 apprehension of death, bodily harm, sexual assault,
 confinement or restraint, and in furtherance of the
 threat knowingly does any one or more of the
 following acts on at least 2 separate occasions:
 (1) follows the person, other than
 within the residence of the
 defendant;
 2) places the person under
 surveillance by remaining present outside
 his or her school, place of employment,
 vehicle, other place occupied by the
 person, or residence other than the
 residence of the defendant." (Emphasis
 added.) 720 ILCS 5/12-7.3 (West 1992).
The 1993 version of the stalking statute became effective on August
20, 1993, and it provided:
 "(a) A person commits stalking when he or she,
 knowingly and without lawful justification, on at
 least 2 separate occasions follows another person
 or places the person under surveillance or any
 combination thereof and:
 (1) at any time transmits a threat
 to that person of immediate or future
 bodily harm, sexual assault, confinement
 or restraint; or 
 (2) places that person in reasonable
 apprehension of immediate or future
 bodily harm, sexual assault, confinement
 or restraint." (Emphasis added.) 720
 ILCS 5/12-7.3 (West 1994).
 Defendant notes that under the 1993 definition of stalking, one
element of the offense is that the defendant has to knowingly and
without lawful justification follow or place another person under
surveillance on at least two different occasions. Defendant also
notes that the other element of the crime of stalking contains two
alternate subelements: the defendant must either issue a threat to
the complainant or place the complainant in reasonable apprehension of
receiving imminent or future injury. 
 However, defendant argues that no mental state, such as
knowledge, accompanies either of these two alternate subelements. 
Nor, he claims, is there a requirement that either subelement be
committed without lawful justification. Additionally, he maintains
there is no longer a requirement that the following or surveillance be
in furtherance of the threat. As a result, defendant claims, the
statute encompasses innocent conduct. We disagree.
 Statutes carry a strong presumption of constitutionality. People
v. Holt, 271 Ill. App. 3d 1016, 649 N.E.2d 571 (1995). Courts will
strike down a statute in violation of the due process clause if the
statute does not bear a reasonable relationship to the public interest
which it sought to protect. See, e.g., People v. Wick, 107 Ill. 2d
62, 481 N.E.2d 676 (1985). In Wick, the Illinois Supreme Court held
that an aggravated arson statute, which subjected arsonists to more
severe punishments if a firefighter or police officer was injured, was
overly broad because the statute did not require that the arsonist
have an unlawful purpose in setting the fire. The court found that
the statute encompassed both innocent and criminal conduct. The court
ruled that the statute swept too broadly in protecting its stated
interests and was therefore unconstitutional. Wick, 107 Ill. 2d 62,
481 N.E.2d 676.
 In the instant case, defendant argues that the 1993 stalking
statute's elimination of the "intent" and "in furtherance" language
could result in the punishment of innocent conduct. However, we
interpret the 1993 statute's "knowingly" and "without lawful
authority" language as modifying not only the acts of following and
surveilling, but also as modifying the conduct described in subparts
(1) and (2). People v. Holt, 271 Ill. App. 3d 1016, 649 N.E.2d 571
(1995). "If the statute defining an offense prescribed a particular
mental state with respect to the offense as a whole, without
distinguishing among the elements thereof, the prescribed mental state
applies to each such element." 720 ILCS 5/4-3(b) (West 1994). In
doing so, we find that the statute proscribes only culpable conduct. 
 This construction of the statute is consistent with the
legislature's intention to protect victims prior to an actual physical
injury in enacting the statute. See Holt, 271 Ill. App. 3d 1016, 649
N.E.2d 571. The legislature noted instances of persons being
repeatedly terrorized by stalkers because the police were powerless to
act until the offenders broke an existing law. 87th Ill. Gen. Assem.,
Senate Proceedings, May 21, 1992, at 61 (statement of Senator Geo-
Karis). Because studies revealed that a stalker's obsessive behavior
is forewarning of future violence, the legislature was anxious to
"provide a tool to law enforcement agencies that will allow them to
[sic] the opportunity to save and protect some of these victims before
it is too late." 87th Ill. Gen. Assem., House Proceedings, May 20,
1992, at 73 (statement of Representative Homer). 
 Furthermore, the Illinois Supreme Court's guidelines for
statutory construction compel such an interpretation. The Illinois
Supreme Court discussed the guidelines for statutory construction in
the face of constitutional challenges in People v. Bailey, stating
that a court must: (1) determine and give effect to the statute's
legislative purpose; (2) affirm the statute's validity and
constitutionality if reasonably possible; and (3) presume that the
interpretation of a statute which renders it valid was the
interpretation intended by the legislature. Bailey, 167 Ill. 2d 210,
225, 657 N.E.2d 953, 960-61. 
 Pursuant to these guidelines, we find that interpreting the
statute to prohibit only culpable conduct is reasonable, gives effect
to the legislature's intent, and renders the statute constitutional. 
As such, the 1993 stalking statute is distinguishable from those
statutes which could not be interpreted to punish only unlawful
conduct. Compare People v. Jihan, 127 Ill. 2d 379, 537 N.E.2d 751
(1989). This interpretation of the 1993 stalking statute prevents the
statute from encompassing innocent conduct and bears a reasonable
relationship to the interest it seeks to protect. Therefore, we
reject defendant's argument that the 1993 stalking statute is void for
overbreadth.
 Next, defendant claims that the statute is vague because it does
not sufficiently define what constitutes criminal conduct. 
Specifically, defendant argues that the statute does not describe
circumstances under which following or surveillance are prohibited. A
statute violates the due process clause of the fourteenth amendment if
it: (1) fails to put the average person on notice that the
contemplated conduct is prohibited; (2) permits arbitrary enforcement
by law enforcement personnel and criminalizes potentially innocent
conduct; and (3) grants the police broad discretion in determining
whether the statute has been violated. People v. Wick, 107 Ill. 2d
62, 481 N.E.2d 676 (1985). 
 Initially, we must determine whether and to what extent defendant
has standing to challenge the constitutionality of this statute. 
Illinois law clearly holds that "`vagueness challenges to statutes
which do not involve First Amendment freedoms must be examined in the
light of the facts of the case at hand. " People v. Ryan, 117 Ill. 2d
28, 34, 509 N.E.2d 1001, 1003 (1987), quoting United States v.
Mazurie, 419 U.S. 544, 550, 42 L. Ed. 2d 706, 713, 95 S. Ct. 710, 714
(1975). When evaluating a vagueness challenge which does not
implicate first amendment concerns, the court must determine whether
the statute is vague as it applies to that particular defendant. 
People v. Jihan, 127 Ill. 2d 379, 537 N.E.2d 751 (1989). 
 In the instant case, we reach the same conclusion as the Illinois
Supreme Court in People v. Bailey in determining that defendant's
vagueness challenge does not invoke first amendment concerns. See
also People v. Holt, 271 Ill. App. 3d 1016, 649 N.E.2d 571 (1995). 
Accordingly, we find that defendant has standing to challenge the
definiteness of the statute only as it applies to the facts in his
case. 
 The statute will survive such a challenge if it gives "`a person
of ordinary intelligence a reasonable opportunity to know what conduct
is lawful and what conduct is unlawful. " People v. Anderson, 148
Ill. 2d 15, 27-28, 591 N.E.2d 461, 467 (1992), quoting People v.
Bales, 108 Ill. 2d 182, 188, 483 N.E.2d 517, 520 (1985). The statute
need not contain extreme details in order to convey an adequate
warning. People v. Haywood, 118 Ill. 2d 263, 515 N.E.2d 45 (1987). 
 The 1993 stalking statute's use of the terms "follows" and
"surveillance" are sufficiently definite to put the average person on
notice as to what constitutes a violation. See People v. Bailey, 167
Ill. 2d 210, 657 N.E.2d 953 (1995). The statute further requires that
the conduct be undertaken "knowingly" and "without lawful
justification." Defendant argues that the use of the phrase "without
lawful justification" in conjunction with the terms following or
surveillance invokes circular reasoning because the statute does not
indicate when or how such conduct is undertaken without lawful
justification. 
 We find that defendant's argument ignores the limited nature of
his challenge. In reviewing defendant's claim, we only evaluate the
statute as it applies to the circumstances in defendant's case. We
reject defendant's argument that the statute is unconstitutionally
vague as it applies to him. Defendant knowingly and without lawful
justification beat Arce, attempted to run her off the road, repeatedly
stood outside of Arce's residence and tried to break down the door to
her home. Defendant also told Arce that if she informed the police
that defendant beat her, he would "hurt [her] whereever it hurts" and
"take [her] kid away." The statute clearly warns defendant that his
conduct would subject him to penalty under the statute. We refuse to
adopt defendant's contention that a person of ordinary intelligence
could reasonably believe that he was behaving with lawful
justification. 
 Furthermore, we find that the 1993 stalking statute is
sufficiently narrow so as to avoid arbitrary enforcement by the
police. The police may only make an arrest under this statute where a
defendant knowingly and without lawful justification either follows or
places a person under surveillance on two separate occasions, and
either threatens or assaults that person. Accordingly, the statute
affords the police little discretion in enforcing this statute. See
People v. Bailey, 167 Ill. 2d 210, 657 N.E.2d 953 (1995). Therefore,
we find that the statute is not unconstitutionally vague as it applies
to defendant. 
 Finally, defendant argues that his conviction was improper
because it violated the constitutional guarantee against ex post facto
application of the 1993 version of the stalking statute under which he
was charged. Defendant notes that statute became effective in August
1993. However, the information charging him with the offense listed
his threatening acts as occurring on June 14, 1993, and his acts of
following or surveillance as occurring in May 1994. Defendant argues
that when he beat and threatened complainant on June 14, 1993, he had
no notice that he was fulfilling one of the elements under the 1993
version of the stalking statute. Defendant's argument must fail.
 A law is applied ex post facto if (1) the State charges a
defendant under a statute for conduct which occurred prior to its
enactment; and (2) the statute's application further disadvantages the
defendant. People v. Witt, 227 Ill. App. 3d 936, 941-42, 592 N.E.2d
402, 407 (1992). A defendant is further disadvantaged by the
application of a statute if it punishes defendant for conduct "which
was previously lawful, [increases] the penalty for a particular crime
or [deprives] one charged with a crime of a defense that was available
under the law at the time the act was committed thereby making
conviction easier." Witt, 227 Ill. App. 3d at 942, 592 N.E.2d at 407.
 In the instant case, defendant's conduct on June 14, 1993, was
unlawful under both the 1992 and 1993 versions of the stalking
statute. Defendant does not contend that he has been subjected to an
increased penalty under the 1993 version of the statute and he does
not claim that application of the 1993 version deprived him of a
defense. Furthermore, a review of both the 1992 and the 1993 stalking
statutes reveal that defendant satisfied the elements under both
statutes. 
 Accordingly, the judgment of the circuit court is affirmed. 
 Affirmed.
 CAHILL and O'BRIEN, JJ., concur.